NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 14-1187
_____

BARRY R. TANGERT, JR.,
                                        Appellant

v.

MARK CROSSAN; SCOTT MILLER; WILLIAM FRALEY;
GILBERT MORRISSEY; M.L. HENRY, Captain; JAMIE KEATING;
NICK CHIMIENTI; KATHY JO WINTERBOTTOM

On appeal from United States District Court
for the Middle District of Pennsylvania
District Court No. 1:11-cv-02395
District Judge:  The Honorable William W. Caldwell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 21, 2015

Before:  RENDELL, SMITH, and KRAUSE, *Circuit Judges*

(Filed: January 30, 2015)

_____

OPINION*
_____

SMITH, *Circuit Judge*.

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Barry R. Tangert, Jr., a former Pennsylvania State Police (PSP) Trooper, was terminated from his employment in May of 2011 following his conviction for obstructing the administration of law, 18 Pa. Cons. Stat. § 5101. In December of 2011, Tangert initiated this civil action against Cumberland County Assistant District Attorney Jamie Keating and seven PSP employees of various ranks and positions. Tangert asserted two causes of action. First, he claimed that all of the defendants had violated his First Amendment rights by "conjur[ing] up a plan to prosecute [him] in a selective and vindictive fashion in retaliation" for speaking out on a matter of public concern. Second, he claimed that Kathy Jo Winterbottom, a PSP employee involved in the internal investigation of Tangert's conduct, violated his Fourth Amendment rights by unlawfully arresting him "for absolutely no just or proper reason merely to embarass and humiliate him."

After the close of discovery, Keating and the PSP defendants filed motions for summary judgment. In a thorough opinion, the District Court granted both motions. This timely appeal followed.[1]

Tangert challenges only the grant of summary judgment on his First Amendment retaliatory prosecution claim. He contends that the District Court did not apply the proper summary judgment standard because it failed to view the facts in the light most

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Appellate jurisdiction exists under 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary. *Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 195 (3d Cir. 2013). Summary judgment is proper when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

favorable to him as the nonmoving party. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2017 (2014) (observing that review of the denial of summary judgment requires that "we view the facts in the light most favorable to the nonmoving party"). He also asserts that the District Court erred because there are genuine issues of fact with regard to his retaliatory prosecution claim.

Tangert's arguments lack merit. Regardless of how the evidence was viewed, there is no dispute in this case that Tangert was convicted by a jury of violating 18 Pa. Cons. Stat. § 5101 by obstructing the administration of law. That conviction has not been set aside. Because "[a] criminal conviction requires proof of guilt beyond a reasonable doubt, a much higher standard than that required for a finding of probable cause," *Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 859 (3d Cir. 2012), there can be no dispute that there was probable cause to support that charge against Tangert. This is fatal to his retaliatory prosecution claim because the Supreme Court has held that such a cause of action requires proof that probable cause was lacking. *Hartman v. Moore*, 547 U.S. 250, 252, 266-67 (2006). Accordingly, we will affirm the judgment of the District Court.